IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS LEONARD GOLDEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 1:21-cv-403-WHA-JTA ) |
| DEPUTY BYRANT, *et al.*, | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. §1983 action is pending before the court on a complaint filed by Marcus Leonard Golden, an indigent inmate, in which he challenges the force used against him by defendant Bryant on May 14, 2021 at the Houston County Jail. Doc. 1 at 2–3. Golden names Deputy Bryant, the Houston County Commission and the Houston County Jail as defendants in this cause of action. Golden seeks a declaratory judgment, injunctive relief and monetary damages for the alleged violations of his constitutional rights. Doc. 1 at 4.

After a thorough review of the complaint, the undersigned concludes that the claims lodged against the Houston County Commission and the Houston County Jail are due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915A.[1]

---

[1] In any civil action filed by a prisoner, this court is obligated to screen the complaint under the provisions of 28 U.S.C. § 1915A. This screening procedure requires that "the court . . . dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(a) & (b)(1)-(2) .

## II.  DISCUSSION

### A.  The Houston County Commission

Golden seeks to hold the Houston County Commission liable as the employer of defendant Bryant.  However, there is no liability under § 1983 "on the basis of respondeat superior or vicarious liability."  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (concluding officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (holding that 42 U.S.C. § 1983 does not allow a plaintiff to hold defendant liable under either a theory of respondeat superior or vicarious liability)).  Moreover, the law is well-settled that a county commission and each of its individual members are entitled to absolute immunity under § 1983 for claims arising from the appropriation of funds for the construction, maintenance or operation of a county jail.  *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998).  Thus, the plaintiff's claims against the Houston County Commission provide no basis for relief, and these claims are due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915A.

### B.  The Houston County Jail

A county jail is merely a building which is not a legal entity nor a person within the meaning of 42 U. S.C. § 1983, and, therefore, is not subject to suit or liability in such an action.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Houston County Commission and the Houston County Jail be DISMISSED with prejudice in accordance with the provisions of 28 U.S.C. § 1915A.

2. This case, with respect to the plaintiff's claims against Deputy Bryant, be referred back to the undersigned Magistrate Judge for further appropriate proceedings.

On or before **June 24, 2021**, the plaintiff may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects.  Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district

court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 9th day of June, 2021.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE